Anthony NESBIT, Plaintiff—Appellant,

v.

DEPARTMENT OF PUBLIC SAFETY,
State of Hawaii; et al., Defendants—
Appellees.

Anthony Nesbit; et al., Plaintiffs—
Appellants,

v.

Department of Public Safety, State of
Hawaii; et al., Defendants—
Appellees.

Nos. 06–16428, 06–16623.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2008.*

Filed June 23, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony Nesbit, Tutwiler, MS, pro se.

William J. Kotis, Honolulu, HI, pro se.

John M. Cregor, Jr., Esq., Cindy S. Inouye, Esq., Office of the Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

Before: FARRIS, BEEZER, and HALL, Circuit Judges.

## MEMORANDUM **

*Pro Se* Plaintiffs Anthony Nesbit and William Kotis allege they were attacked by prison gang members while incarcerated in the high security portion of Hawaii's Halawa Correctional Facility ("HCF"). Plaintiffs are not gang members, and assert that the assaults were the foreseeable result of a prison policy that housed prison gangs with unaffiliated inmates while at the same time segregating rival gangs from each other. Plaintiffs claim that the policy violated their Eighth and Fourteenth Amendment rights, and filed § 1983 claims against the Hawaii Department of Public Safety and various prison officials.

The district court dismissed the claims for damages against officials acting in their official capacity, ruling they were barred by the Eleventh Amendment and incognizable under § 1983. The court also ruled that the claims for injunctive relief became moot when Plaintiffs were transferred from the Halawa facility to a contract prison in Mississippi. Then, after the magistrate judge limited discovery in light of the district court's rulings, the district court granted summary judgment on virtually all of the remaining claims, finding no evidence that any Defendant acted irrationally or that any except one had been deliberately indifferent to Plaintiffs' safety. As to Kotis's claims against Defendant Cheryl Zembik, the court denied summary judg-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment, but after a jury trial, granted her motion for Rule 50(a) judgment as a matter of law. Plaintiffs timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

■ The district court properly dismissed the claims for damages against Defendants acting in their official capacities. Suits naming a defendant in his "official capacity" are treated as suits against the state and therefore subject to a defense of sovereign immunity under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Further, "neither a State nor its officials acting in their official capacities are 'persons'" subject to 42 U.S.C. § 1983. *Id.* Plaintiffs can only seek damages against Defendants in their individual capacities.

## II.

■ The district court also properly concluded that Plaintiffs' claims for injunctive relief became moot when they were transferred to a contract prison in Mississippi. *See, e.g., Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir.2001). Plaintiffs have no reasonable possibility of being returned to the high security portion of HCF, so their claims do not fall within the exceptions to mootness for claims that are capable of repetition yet evading review, *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir.1995), or for a defendant's voluntary cessation of harm, *Cal. Pub. Utilities Comm'n v. FERC*, 100 F.3d 1451, 1460 (9th Cir.1996).

## III.

■ Plaintiffs also challenge the magistrate judge's discovery rulings. We review for abuse of discretion, *e.g., Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002),

and find no abuse here. The magistrate saw some of Plaintiffs' requests for production of documents as overly broad and therefore denied their motion to compel. The requests would have required Defendants to produce everything from incident reports to grievances, when their real goal appears to have been to demonstrate a pattern of gang violence against unaffiliated inmates. The magistrate was within his discretion to deny these requests. Fed.R.Civ.P. 26(b)(2)(C). He was also within his discretion to deny requests that he viewed as cumulative to other evidence in the record, *id.*, and requests for information that was privileged or that implicated the privacy of other inmates, such as hospital records and confidential grievances, *see* Fed.R.Civ.P. 26(c); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (noting that privacy interests may be a basis for restricting discovery).

## IV.

We now turn to the merits of Plaintiffs' Fourteenth and Eighth Amendment claims, which, with one exception, were summarily adjudicated in favor of Defendants. We review the grant of summary judgment de novo, viewing the record in the light most favorable to the non-moving party and asking whether there exist any genuine issues of material fact. *E.g., Torres v. City of Madera*, 524 F.3d 1053, 1055 (9th Cir.2008).

### A.

■ Nesbit and Kotis contend that the HCF housing policy violates the Equal Protection Clause of the Fourteenth Amendment by segregating rival gangs from each other but affording no separation to unaffiliated inmates. We disagree. The housing policies need only satisfy rational basis review because they neither

involve fundamental rights nor target a suspect class.[1] *Philips v. Perry,* 106 F.3d 1420, 1433–34 (9th Cir.1997) (quoting *Romer v. Evans,* 517 U.S. 620, 631, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996)).

On this record, the policies were rational. Prison officials could rationally believe that housing segregated prison gangs with unaffiliated inmates would be an effective way to reduce gang-related violence. It is undisputed that, at least in the general prison population at HCF, the incidence of violence perpetrated by gang members upon non-gang members is no higher than the incidence of violence generally. Moreover, it would also be rational to believe that unaffiliated inmates in the high security portion of HCF, who had already been classified as potentially violent either by virtue of their commitment offenses or behavior in prison, would not be at an increased risk of violence because they could adapt to housing with a single gang. Summary judgment was proper.

### B.

As to the Eighth Amendment, no evidence showed that any Defendant except Cheryl Zembik was "deliberately indifferent" to Plaintiffs' safety. *See Farmer,* 511 U.S. at 834, 114 S.Ct. 1970. Plaintiffs have failed to demonstrate that the housing policy itself amounted to deliberate indifference, because nothing indicates that unaffiliated inmates were at a significantly greater risk of assault when housed with separated gang members. Moreover, nothing indicates that Defendants Monica Lortz and Cinda Sandin had any reason to know that they were placing Plaintiffs in excessively dangerous housing arrangements. And no other Defendant (except Zembik) had any role in the housing arrangements at all. Summary judgment was proper as to the Eighth Amendment claims.

### V.

The district court denied summary judgment only as to Kotis's claims against Zembik, finding a genuine dispute as to whether Zembik ignored Kotis's claim that he had been assaulted in September 2002. This claim proceeded to a jury trial, where the court granted Zembik's Rule 50(a) motion for judgment as a matter of law. Plaintiffs do not specifically attack the court's ruling, nor do they refer in any way to the evidence Kotis introduced at trial. In fact, Plaintiffs have failed to comply with this court's order to obtain transcripts from the district court proceedings, so the court has no way to evaluate them for error. Accordingly, Kotis has waived any attack on the district court's judgment in favor of Zembik. *See Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929–30 (9th Cir.2003).

**AFFIRMED.**

---

1. In arguing that they are members of a suspect class, Plaintiffs cite *Farmer v. Brennan,* where the Supreme Court approvingly quoted the respondents' argument that "a prisoner can establish exposure to a sufficiently serious risk of harm 'by showing that he belongs to an identifiable group of prisoners who are frequently singled out for violent attack by other inmates.'" 511 U.S. 825, 843, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Court made this statement during its discussion of the Eighth Amendment, and never suggested that membership in such an identifiable group would amount to suspect class status for purposes of an Equal Protection claim.